# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JAMES TURNER,

    Petitioner,

v.

THE PEOPLE,

    Respondent.

Case No. CV 15-5532 ODW (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

The Court dismisses the action with prejudice for failure to prosecute and for failure to obey a Court order.

\* \* \*

This is a state habeas action. Petitioner generally contends that he accepted a plea agreement based on bad advice from his trial attorney. (Docket # 1.) Magistrate Judge Wilner screened the Petition pursuant to the federal rules governing habeas actions. (Docket # 3.) In his order, Judge Wilner noted several significant deficiencies in the petition and gave Petitioner an opportunity to file a supplemental statement addressing those issues. The order also informed Plaintiff that failure to submit a timely response "may result in a recommendation that this

action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)." (Id.)

Petitioner did not respond to the Court's order. In mid-September 2015, Judge Wilner issued another order requiring Petitioner to: (1) show cause why his case should not be dismissed; and (2) file his supplemental statement. (Docket #5.) That order warned Petitioner that failure to respond to the Court's order would result in a recommendation of dismissal of his case. Petitioner failed to file any response by the Court's due date.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the present action, the Court finds dismissal is appropriate. Petitioner failed to respond to the Court's previous two orders. His failure to do so demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

Accordingly, for the above reasons, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: November 3, 2015

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE